UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kassa Dadhi,                                                             Civil No. 04-4534 (DWF/JSM)

          Plaintiff,

v.                                                                                   **MEMORANDUM
                                                                                   OPINION AND ORDER**

American Security Corporation, LLC, and
Mike Peterson,

          Defendants.

---

Nuro B. Dedefo, Esq., Dedefo Law Firm, counsel for Plaintiff.

David Jordan-Huffman, Esq., and Robert C. Castle, Esq., Oppenheimer Wolff & Donnelly, LLP, counsel for Defendants.

---

### Introduction

The above-entitled matter came before the undersigned United States District Judge on May 13, 2005, pursuant to a Motion to Dismiss brought by Defendant Mike Patterson.[1] Specifically, Patterson asks the Court to dismiss the Title VII claim brought against him and to decline to exercise its supplemental jurisdiction over Counts III and IV of Plaintiff Kassa Dadhi's Complaint. Dadhi opposes

---

[1] Mike Patterson was erroneously sued as Mike Peterson. As such, the Court will refer to Mr. Patterson as "Patterson" throughout the remainder of this memorandum opinion and order.

the Motion to Dismiss with regard to the state law claims. For the reasons set forth below, the Court grants in part and denies in part Patterson's Motion to Dismiss.

**Background**

Defendant American Security, LLC ("American Security"), hired Dadhi as a distribution clerk on June 6, 1997. Dadhi remained with American Security as a distribution and shipping clerk for six years. On May 9, 2003, Dadhi was working with Patterson. At some point, Patterson came into physical contact with Dadhi. Patterson asserts that he touched Dadhi to get his attention so that he [Dadhi] would move out of a doorway allowing Patterson to pass. Dadhi claims in his Complaint that Patterson "stabbed Plaintiff [Dadhi] on his buttocks without any notice." (Compl. at ¶ 10.) In response, Dadhi spun around and raised his fist as if to strike Patterson. The two employees exchanged words with one another and then continued working.

On May 19, 2003, Dadhi and another American Security employee went to American Security's Human Resources Department to complain about discrimination at the company. The next day, Chris Bicha, American Security's Assistant for Human Resources, called Dadhi to discuss the incident that occurred on May 9, 2003. On May 23, 2003, American Security discharged Dadhi. American Security claims that it discharged Dadhi as a result of the altercation between Dadhi and Patterson.

Dadhi filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Dadhi a Right to Sue Letter on July 21, 2004. Dadhi then filed this suit against Defendants. In his Complaint, Dadhi alleges that American Security discriminated against him in violation of the Minnesota Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000e, *et seq*.  Dadhi also brought two state tort claims against Patterson, an assault and battery claim and an intentional infliction of emotional distress claim.

## Discussion

### I. Standard of Review

In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint.  *Id.*  The Court may grant a motion to dismiss on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." *Id.* at 327.

### II. Motion to Dismiss

As a preliminary matter, Patterson contends that the Title VII claim brought against him by Dadhi should be dismissed as a matter of law because Patterson was not an "employer" as the term is defined pursuant to Title VII.  Dadhi's counsel did not oppose this motion in his memorandum or his arguments before the Court.  Therefore, the Court finds that Patterson is entitled to dismissal of the Title VII claim brought against him by Dadhi.

Based on the Court's dismissal of the Title VII claim against Patterson, Patterson asserts that this Court does not have subject matter jurisdiction over him.  No additional federal claims have been brought against Patterson, and Dadhi, American Security, and Patterson all reside in Minnesota.

Therefore, Patterson contends that this Court has neither federal question nor diversity jurisdiction over this matter as it relates to him.

Patterson also contends that Dadhi's state law claims do not arise from the same nucleus of operative facts as that giving rise to the claims brought against American Security, and thus the Court should decline to exercise supplemental jurisdiction over the state law claims. Moreover, Patterson contends that to exercise supplemental jurisdiction over Dadhi's claims would run counter to the interests of judicial economy and fairness. Dadhi maintains, however, that the claims arise from the same nucleus of operative facts, and to decline jurisdiction would defeat the interest of judicial economy.

"A district court may exercise supplemental jurisdiction over state law claims that arise from the same nucleus of operative fact as the plaintiff's federal claims and when the plaintiff would be ordinarily expected to try all the claims in one judicial proceeding." *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999) (citations omitted).

Title 28 U.S.C. § 1367, the statute governing supplemental jurisdiction, states in relevant part that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367.

In the instant case, Dadhi contends that the evidence necessary to prove both sets of claims is overlapping, and thus, the exercise of supplemental jurisdiction is appropriate. The Court agrees.

Dadhi's state law claims against Patterson arise out of the incident occurring on May 9, 2003. American Security represented to Dadhi and the Court that the very same incident was the basis for Dadhi's dismissal. Although the Court assumes Dadhi's Title VII and MHRA claims will focus on additional events occurring while Dadhi was employed at American Security, the events that took place on May 9, 2003, will play a central role in Dadhi's Title VII and MHRA claims and are at the very heart of his state court claims against Patterson. Thus, the Court finds that a nucleus of operative facts exists such that dismissing the state court claims would only lead to duplicative litigation of those same issues. Accordingly, this Court will exercise its supplemental jurisdiction and hear all of the remaining claims in this matter.

## Conclusion

The Court believes it is in the best interests of the parties to negotiate a resolution of this dispute among themselves. As the parties are already aware, Magistrate Judge Janie S. Mayeron is available to assist in the negotiation of a settlement should the parties find such services helpful. If the Court may be of assistance in this matter, the parties should contact Lowell Lindquist, Calendar Clerk for Judge Donovan W. Frank at 651-848-1296, or Katie Haagenson, Calendar Clerk for Magistrate Judge Janie S. Mayeron at 651-848-1190.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant Mike Patterson's Motion to Dismiss (Doc. No. 9) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. Defendant Mike Patterson's Motion to Dismiss (Doc. No. 9) is **GRANTED** as to Count II (Title VII of the Civil Rights Act) of Dadhi's Complaint.

      b.      Defendant Mike Patterson's Motion to Dismiss (Doc. No. 9) is **DENIED** as to Count III (Assault and Battery) and IV (Intentional Infliction of Emotional Distress) of Dadhi's Complaint.

Dated:  June 22, 2005                                  s/Donovan W. Frank
                                                            DONOVAN W. FRANK
                                                            Judge of United States District Court